Dear Mr. Nungesser:
Your request for an opinion has been forwarded to me for research and reply. According to your request, Plaquemines Parish Council members have been submitting mileage reimbursement requests for business they conduct within their own district or within Plaquemines Parish. You are concerned that reimbursement of public officials' mileage for "everything and anything" may be inappropriate under La. Atty. Gen. Op. 91-589 and La. Atty. Gen. Op. 09-0056.
In your request, you have asked the following three questions, reproduced verbatim below:
 (1) Other than for mileage reimbursement for attendance at regular and/or special Council meetings within the Parish and for travel expenses incurred on Parish Government business outside [of] the Parish, is the Plaquemines Parish Government [("PPG")] authorized to reimburse a member of the Parish Council for expenses and mileage for Parish Government business conducted within their district or within the Parish?
 (2) If the answer to number one is in the negative, is the [PPG] required to seek reimbursement from the public official for mileage payments made to the public official?
 (3) If the Parish reimburses the public official for attendance at meetings within the Parish, may the Parish require adequate documentation such as the specific purpose of the meeting rather than merely providing the purpose of the travel as "meeting" or "Council business"? *Page 2 
Section 1 of Title 42 of the Louisiana Revised Statutes defines a "public office" as "any state, district, parish or municipal office, elective or appointive, or any position as a member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state." It further defines a "public officer" as "any person holding a public office in this state."[1] PPG council members are elected to serve their parish. Based on the foregoing, the members of the PPG Council are public officers within the meaning of Title 42.
The PPG operates under a pre-1974 Home Rule Charter ("Charter") established pursuant to La.Const. art. VI, Section 9. As such, PPG may retain all of the powers it has pursuant to its pre-1974 Charter, as long as these powers are not inconsistent with the Louisiana Constitution or abridge the power of the State. Section 2.03(C) of PPG's Charter states that "[t]he Parish Government shall have full power and authority to conduct and operate the government of the Parish of Plaquemines and of the other political subdivisions and districts situated therein, in any and all matters not prohibited by State law." Section 8.03 of PPG's Charter states that "the Parish of Plaquemines [shall have] the broadest powers of local self-government possible under said Section 3(d) as supplemented by Section 3(c) of Article XIV of the Louisiana Constitution of 1921 and Sections 4, 5, and 6 of Article VI of the Constitution of 1974. Accordingly, in cases of conflict between provisions of this Charter and Ordinances adopted pursuant thereto and any act of the State Legislature, dealing with Parish Government and the other political subdivisions and districts, the provisions of this Charter and the Ordinances adopted hereunder shall prevail."
I. Reimbursement of Travel Expenses and Mileage
Your first inquiry is whether Plaquemines Parish Council members may be reimbursed for travel expenses and mileage for Parish Government business conducted within their district or parish. Our Office will address these two issues, travel expenses and mileage reimbursement, separately. However, for both issues it should also be noted that our Office is operating under the assumption that mileage reimbursement is only being sought by Plaquemines Parish Council members conducting official Parish Government business using their own personal vehicles. In La. Atty. Gen. Op. 98-85 our Office reasoned that mileage is not reimbursable when traveling in a parish owned vehicle on official business.[2] Therefore, our Office will conduct its analysis operating under the *Page 3 
reimbursement have utilized their own private vehicles in the performance of official Parish Government business.
Article 4, Section 4.01(A)(26) of PPG's Charter grants the Plaquemines Parish Council "the exclusive authority to provide for the compensation and terms and conditions of employment under which all of its employees shall be employed and work for the Parish of Plaquemines and all other political subdivisions and districts therein." Article 4, Section 4.01(C) also states that every act of the Council which is to have the force of law shall be in the form of an ordinance.
Nonetheless, our Office has recognized PPG's "broad and sweeping powers to adopt regulations and resolutions with regard to the travel expenses of its officers." La. Atty. Gen. Op. 92-857. Our Office simultaneously noted that "these powers are not unfettered." La. Atty. Gen. Op. 92-587. We maintain this position today.
With your opinion request, you submitted copies of Resolution No. 07-304 and Resolution No. 09-194. See Attached. Resolution 09-194 amended Resolution No. 07-304 to incorporate additional limitations on reimbursement for meals on work-related travel. The phrase, "travel expenses," is not clearly defined within either resolution. However, after reading the resolutions, one may infer that travel expenses include costs for meals, tickets (i.e., air, rail, bus), automobile rental, and lodging.
Resolution No. 07-304 ("Resolution") provides that "[e]xpenses of an employee shall be limited to those expenses incurred by him/her in the performance of a public purpose." Technically, council members may not be public employees as per this Resolution. However, if it has become a customary practice of the PPG to reimburse elected officials pursuant to the foregoing Resolution, then one may infer from the Resolution's language that, at the very least, PPG Council members would be reimbursed for those travel expenses associated with the performance of their official public duties incurred within their district or Plaquemines Parish. The Council, apparently aware of the fact that some official business would require a Council member to travel beyond the boundaries of Plaquemines Parish, adopted a specific provision, originally in Resolution No. 07-304 and incorporated into Resolution No. 09-194, authorizing reimbursement for out-of-parish travel expenses.[3]
Therefore, it is our Office's opinion that, members of the Plaquemines Parish Council may be reimbursed for their in-district and in-parish official travel expenses. However, what qualifies as a travel expense will have to be determined on a case-by-case basis under the foregoing resolutions. *Page 4 
You also provided us with a copy of Ordinance No. 08-212 which the Plaquemines Parish Council adopted on September 25, 2008.[4] This ordinance increased the rate of mileage reimbursement "for actual job related miles traveled by Plaquemines Parish Council Members, Employees and Members of the Parish Executive Department" to sixty cents ($.60) per mile up to a maximum of nine-hundred dollars ($900.00) per month. Ordinance No. 08-212 covers reimbursement for "job related" mileage associated with Plaquemines Parish Council members and draws no distinction among in-parish, out-of-parish, in-district, or out-of-district official Parish Government travel. More precisely, Ordinance No. 08-212 allows Plaquemines Parish Council members to be reimbursed for mileage incurred while conducting official Parish Government business within or beyond Plaquemines Parish. Therefore, it is our Office's opinion that, the Plaquemines Parish Government is authorized to reimburse a member of the Parish Council for official travel expenses and mileage associated with the performance of one's official public duties incurred within their district or Plaquemines Parish.
II. If Members of the Parish Council May Not Be Reimbursed for OfficialTravel Expenses and Mileage Incurred While Conducting Official ParishGovernment Business Within or Beyond the Parish, is the PPG Required toSeek Reimbursement from the Public Official for Mileage Payments Made tothe Public Official
Because the first question has been answered in the affirmative, there is no need to address your second inquiry. Therefore, this opinion will next address your third and final question.
III. May More Specific Documentation be Required by Plaquemines Parish ofPublic Officials Who Seek Reimbursement for Attending Meetings Within theParish
If Plaquemines Parish reimburses a public official for attending a meeting within the Parish, may the Parish require "adequate documentation such as the specific purpose of the meeting rather than merely providing the purpose of the travel as `meeting' or `Council business.'" In the past, our Office has suggested that "public officials `should submit receipts, or at a minimum, an adequately documented itemization of expenses actually incurred in the performance of their public duties in order to be reimbursed therefore.'" La. Atty. Gen. Op. 08-0230. A similar conclusion was reached in La. Atty. Gen. Op. 92-857, regarding reimbursement of Plaquemines Parish Council members' expense allowances. In La. Atty. Gen. Op. 92-857 our Office concluded that "in order for the *Page 5 
Plaquemines Parish Government to place itself within the legal parameters of our State Constitution and applicable federal and state tax laws, councilmen receiving expense allowances, must, at a minimum, provide the Plaquemines Parish Government with an adequately documented itemization of their expenses actually incurred."[5] Our Office's earlier reasoning supports Plaquemines Parish's ability to require more specific documentation before reimbursing a council member. More precise documentation will ensure that Plaquemines Parish is in compliance with the Louisiana Constitution and applicable federal and state tax laws.
It is the opinion of our Office that, Plaquemines Parish Council members may be reimbursed for official travel expenses and mileage incurred while conducting official business within his/her district or within the Parish. Furthermore, the Plaquemines Parish Government may require more specific descriptions and documentation when public officials seek reimbursement for attending meetings within the Parish.
We hope that this information sufficiently answers your inquires. If we can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KATHERINE K. GREEN Assistant Attorney General
 JDC:KKG:jv *Page 6 
 RESOLUTION NO. 09-194
On motion of Council Member Buras, seconded by Council Member Hinkley, and on roll call all members present voting "Yes", the following Resolution was unanimously adopted:
 A Resolution to amend and, as amended, readopt Resolution No. 07-304; to provide for meals reimbursement in exceptional travel circumstances; and otherwise to provide with respect thereto.
WHEREAS, in the adoption of Resolution No. 07-304 providing revised travel regulations for Parish Officials and employees, the provisions regarding "high cost" destinations and exceptional circumstances on travel days were inadvertently omitted; and
WHEREAS, state travel regulations allow reimbursements for travel expenses in "high cost" business destinations over and above the customary limits and also allow reimbursements for meals a full day of travel;
NOW, THEREFORE;
BE IT RESOLVED by the Plaquemines Parish Council that the provisions of Part II (A) of the Parish Government Expense Account Regulations is hereby amended and reenacted to read as follows:
 "Meals (including Tips)
 A. (i) Employees are allowed the following amounts for meals per day per diem, with no receipts required:
 Travel day to Destination — Lunch and Dinner $30.00 per day per diem with no receipts required for meals;
 Full day(s) at Destination — Breakfast, Lunch and Dinner $40.00 per day per diem with no receipts required for meals;
 Travel day Home — Breakfast and Lunch $22.00 per day per diem with no receipts required for meals.
 (ii) In circumstances where the travel itinerary involves a full day of travel to and/or from the business destination, employees/officials may be reimbursed for meals according to the following schedule: (a) Breakfast: When travel begins at/or before 6 a.m. on the first day of travel or extends beyond 9 a.m. on the last day of travel, or for any intervening days; (b) Lunch: When travel begins at/or before 10 a.m. on the first day of travel or extends beyond 2 p.m. on the last day of travel, or for any intervening days; (c) Dinner: When travel begins at/or before 4 p.m. on the first day of travel or extends beyond 8 p.m. on the last day of travel, or for any intervening days. The Parish Official or employee may submit a copy of the travel schedule together with itemized mean receipts for the travel days for reimbursement, subject to the approval of the Parish President, a Director, or the Council Chair, and the Internal Auditor, by signatures on the expense report.
 (iii) For Out-of-State Travel, employees/officials may be reimbursed for meals according to the following schedule:
 (a) Austin, TX, Atlanta, GA, Cleveland, OH, Dallas/Fort Worth, TX, Denver, CO. Detroit, Ml, Ft. Lauderdale, FL, Galveston, TX, Hartford, CT, Houston, TX, Kansas City, MO, Las Vegas, NV, Los Angeles, CA, Miami, FL, Minneapolts/St. Paul, MN, Nashville, TN, Oakland, CA, Orlando, FL, Philadelphia, PA, Phoenix, AZ, Pittsburgh, PA, Portland, ME, Portland, OR, Sacramento, CA, San Antonio, TX, San Diego, CA, St. Louis, MO, Tampa, FL, Wilmington, DE, all of Alaska or Hawaii, Puerto Rico, Virgin Islands, American Samoa, Guam — Breakfast $ 12.00, Lunch $16.00, Dinner $24.00, Total $52.00.
 (b) Baltimore, MD, San Francisco, CA, Seattle, WA, Alexandria, VA, Arlington, VA, Boston, MA, New York City, NY, Washington, DC, Chicago, IL, and International Cities — Breakfast $13.00, Lunch $18.00, Dinner $29.00, Total $60.00";
BE IT FURTHER RESOLVED by the Plaquemines Parish Council that the Secretary of this Council is hereby authorized and directed to immediately certify and release this Resolution and that Parish employees and officials are authorized to carry out the purposes of this Resolution, both without further reading and approval by the Plaquemines Parish Council.
I hereby certify the above and foregoing to be a true and correct copy of a Resolution adopted by the Plaquemines Parish Council at a meeting held in the Plaquemines Parish Temporary Courthouse Building, 450 F. Edward Hebert Blvd., Belle Chasse, Louisiana, on Thursday, May 28, 2009. *Page 7 
 RESOLUTION NO. 07-304
On motion of Council Member Buras, seconded by Council Member Chauvin, and on roll call all members present and voting "Yes", the following resolution was unanimously adopted:
 A Resolution to amend and as amended readopt Resolution No. 04-388 adopted by the Plaquemines Parish Council on November 18, 2004; and otherwise to provide with respect thereto.
WHEREAS, a review of current policies and procedures pertaining to expense accounts has been conducted by the Parish Council and the Internal Auditor and changes are being recommended;
NOW, THEREFORE:
BE IT RESOLVED by the Plaquemines Parish Council that it hereby adopts policies and procedures concerning expense accounts of Plaquemines Parish Government Employees as follow:
 Plaquemines Parish Government Employee Expense Account Regulations
I. General
 A. All expenses must be authorized and approved by the proper Department Head if applicable and their Director and the Internal Auditor.
 B. The employee is expected exercise the same care in incurring expenses that a prudent person would exercise if on personal business.
 C. Expenses of an employee shall be limited to those expenses incurred by him/her in the performance of a public purpose.
 D. All claims for reimbursement shall be submitted on the form attached and shall include all details provided for on the form. The form must be accompanied y an itemized receipt or other supporting documentation for each item claimed.
 E. Expense reports are to be submitted on a monthly basis. An reports submitted more than 30 days from month end will not be considered.
 F. An employee is allowed expenses when he/she is outside of the boundaries of Plaquemines Parish on official Parish business.
 G. A Parish employee is not to entertain another Parish employee unless authorized by the Parish President.
 H. Each employee must submit their reports showing all expenses for that month.
 I. Fraudulent Claims — Any person who submits a claim or who willfully aids or assists in, or procures, counsels or advises the preparation of a claim which is fraudulent or is false as to any material matter, shall be punishable as provided by law, and/or termination of employment.
 J. Administration and/or the Parish Internal Auditors Office shall have the authority to eliminate those items that do not meet the requirements of these regulations. The employee involved will be notified and given a change to substantiate the expense.
 K. All Plaquemines Parish Council expenses are subject to review/approval by the Council Chairman and Internal Auditor.
 L. All Plaquemines Parish Port, Harbor Terminal District expenses are subject to review/approval by the Port Chairman and Internal Auditor.
II. Meals (including Tips) *Page 8 A Employees are allowed the following amounts for meals per day per diem, with no receipts required.
 Travel day to Destination — Lunch and Dinner $30.00 per day per diem with no receipts required for meals.
 Full day(s) at destination — Breakfast, Lunch and Dinner $40.00 per day per diem with no receipts required for meals.
 Travel day Home — Breakfast and Lunch $22.00 per day per diem with no receipts required for meals.
 B. There will be no reimbursement for alcoholic beverages separately or as a part of a meal.
 C. Special Entertainment — Meals or functions for persons who are considered guests of the Parish and who are not Parish Officials or Employees. This regulations does not prohibit other Parish Officials or Employees from being included in the meal. The following regulations pertain to special meals:
 1. Limits on meal cost do not have to be adhered to, as long as the cost of the meal is not exorbitant.
 2. Domicile requirements are waived.
 3. Receipts must be presented, along with the names of persons attending the meal and their titles.
 4. Purpose of the meal is to be fully explained.
 5. The Parish President, a Director or Council Chair, and the Internal Auditor must approve the expense by signing the expense report.
III Transportation
Copies of transportation tickets, air, rail or bus must be attached. Canceled checks are not acceptable by themselves.
A. Air Travel
 Air travel will be reimbursed only at coach or economy class. The difference between the air coach or economy class rates and first class rates will be paid by the employee, if the travel was performed at first class air rates. If space is not available in less than first class accommodations in time to carry out the purpose of travel, the employee must secure a certification from the airline indicating this fact. This certification will be attached to travel voucher.
B. Auto Rentals
On all auto rentals, the following must be listed:
 1. Time of departure and arrival.
 2. Date of rental.
 3. Names of places visited.
 4. Mileage.
 5. Rental of compact or sub-compact only unless unavailable or more than three persons will be riding in auto.
Documentation must be presented to support same.
IV. Lodging 1. Employees when traveling, are allowed reimbursement for lodging. The *Page 9 
amount to be allowed per night will be compensated with that which is reasonable for city.
 2. Hotel bills should show room charge, number of persons occupying room, meals, refreshment, etc. Credit card receipts alone are not acceptance. Must have hotel itemized receipt. Bills for Louisiana hotels should not include sales taxes since Plaquemines Parish Government is exempt from Louisiana Sales Taxes. Employees should provide the hotel with sales tax exemption form. Sales tax exemption shall not apply to travel outside the State of Louisiana.
V. Advances Any advances should be listed on the expense account form. Supporting documentation will be presented for these advances within thirty days of returning from travel. If supporting documentation is not provided within thirty days, the amount of the advance will be deducted from the employee's payroll check, and the employee will lose privileges for future advances.
I hereby certify the above and foregoing to be a true and correct copy of a Resolution adopted by the Plaquemines Parish Council at a meeting held in the Plaquemines Parish Temporary Courthouse Building, 450 F. Edward Hebert Blvd., Belle Chasse, Louisiana, on Thursday, August 23, 2007.
[1] La.R.S. 42:1.
[2] Opinion attached.
[3] "Resolution No. 07-304 . . . I. General (F.) An employee is allowed expenses when he/she is outside of the boundaries of Plaquemines Parish on official Parish business."
[4] Ordinance No. 08-212 attached to opinion request (specifically amended Section 1 of Ordinance No. 05-111).
[5] La. Atty. Gen. Op. 92-857.